UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SARAH B. HARRIS,

               Plaintiff,                   **COMPLAINT**

-VS-                                Civil Action No.:

ROCHESTER CORNERSTONE GROUP, LTD;
CORNERSTONE PROPERTY MANAGERS, LLC,

               Defendants.
_____

## JURY TRIAL DEMANDED

Plaintiff demands a jury to try all claims triable by a jury.

## PRELIMINARY INTRODUCTION

1.    Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et. seq. ("Title VII"), and the New York State Human Rights Law, Executive Law § 290 *et. seq.* ("NYSHRL") for discrimination based upon gender and retaliation for opposing Defendant's discriminatory practices.

## JURISDICTION AND VENUE

2.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331 and 1343; and Title VII.

3.    This Court has pendent jurisdiction over Plaintiff's state law claims under the New York State Human Rights Law, Executive Law §290 *et. seq.* and pursuant to 28 U.S.C. §1367.

4.    Venue in this District is proper because Plaintiff resides in the

Western District of New York, Defendants are located in the Western District of New York, and the events giving rise to the claims in this action arose in this District.

## EXHAUSTION OF ADMINSTRATIVE REMEDIES

5.        Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about January 11, 2021 (EEOC Charge No.: 525-2021-00069).

**6.**        The EEOC issued a  Right to Sue Notice on September 29, 2022.  ***See*** **Exhibit A**. This Complaint was filed within ninety days of receipt of the Right to Sue Notice.

## PARTIES

7.        Plaintiff is a citizen of the United States and resides in Watertown, New York.

8.        At all relevant times, Plaintiff was an employee of Defendants within the definition of "employee" under Title VII and NYSHRL.

9.        Upon information and belief, at all relevant times, Defendants Rochester Cornerstone Group, Ltd. ("RCG")  (including its wholly owned management company, Cornerstone Property Managers, LLC -"CPM") were a corporation(s) authorized to conduct business in Monroe County, New York.  Roger W. Brandt, Jr. ("Brandt"), was the President and Megan Wildenhaus  ("Wildenhaus"), was the Human Resource Director.

10.        At all relevant times, Defendants were an "employer" under Title VII and NYSHRL.

**FACTS**

11.     Defendants hired Plaintiff on or about June 29, 2020 as a "Community Manager" for Woolworth Apartments, a moderate to low-income residential apartment complex located in Watertown, NY.

12.     Plaintiff previously worked for Defendants from on or about October 26, 2015 until  on or about April 1, 2019 when she resigned because of complications surrounding her pregnancy culminating in a miscarriage.  Defendants rehired Plaintiff because of her wealth of  knowledge and experience in the industry and regarding the specific property.

13.      Plaintiff is a female.

14.     Beginning in or around July of 2020, Defendants subjected Plaintiff to severe, continuous, and pervasive sexual harassment, including unwelcome sexual touching and contact and sexually harassing statements, propositions, innuendos, gestures, and comments.

15.     The sexual harassment that Plaintiff was subjected to included, without limitation:

> a.   Maintenance Technician, Frank Solivan ("Solivan"), repeatedly looked at photos of naked women on his cell phone in the presence of Plaintiff.
>
> b.   Solivan showed Plaintiff sexually explicit memes including depictions of oral sex.
>
> c.   Solivan showed Plaintiff photos of women's breasts including photos of inverted nipples and a photo where a woman had a breast removed.  Solivan continually discussed different types of nipples.

d.  Solivan read conversations he had with women online including a woman telling him to put peanut butter on his genitals and "have [his] dog lick it off."

e.  Solivan told Plaintiff about his relationship with this wife including sexually explicit details.

f.  Solivan made sexually based comments to Plaintiff such as telling her to "go rub one out in the bathroom" if she feels stressed.

g.  Solivan told Plaintiff that he "watches porn often and masturbates multiple times a day."

h.  Solivan showed Plaintiff a photo of a plus size woman and said, "I used to touch that butt every day."

i.  Solivan commented on Plaintiff's body including telling her to "put those away" referring to her breasts.  Solivan told Plaintiff that she carried her "weight in all the right places." Solivan told Plaintiff she "could sell pictures of [her] feet online."

j.  Solian asked Plaintiff if she was interested in a sexual relationship with him.  Plaintiff replied that she was married and not interested.

k.  Solivan made continual sexual innuendos and comments to Plaintiff and refused to stop.

l.   Solivan told Plaintiff to move in [to the apartment complex] more "white women with shelf butts" because that is what he is attracted to –  Plaintiff's sister and nephew were also present for these comments.

4

m.   Solivan sent Plaintiff a photo of a pair of panties from an apartment
     and said, "why do people always leave panties behind."

n.   On or about September 15, 2020, Plaintiff accompanied Solivan to
     Lowe's to assist with buying supplies for the building. Specifically, a
     tenant required handrails for her bathtub.   While at Lowe's,
     Solivan hugged and touched female employees that he seemingly
     knew and made sexually based comments to them including telling
     one employee that her "butt has gotten bigger." Solivan admitted to
     Plaintiff that he was fired from Lowe's because "someone didn't like
     him playing around with them." Solivan further told Plaintiff that he
     was "written up [at Lowe's] for touching someone and having
     inappropriate conversations in the break room."

16.     Plaintiff protested and complained about Solivan's continual sexual
harassment but Defendants failed to conduct any meaningful investigation or take any effective
action to resolve her complaints.

17.     Plaintiff specifically complained to District Manager Sue Ellen Holmes
("Holmes") about Solivan's ongoing sexual harassment and advised Holmes that she did not
feel safe around Solivan.

18.     On or about October 13, 2020, Plaintiff further complained to Wildenhaus by
phone about Solivan's ongoing sexual harassment.

19.      On or about October 15, 2020. Plaintiff complained to Wildenhaus in writing
about Solivan's ongoing sexual harassment.

20.     Wildenhaus asked Plaintiff if she was comfortable continuing to work around

Solivan if he "immediately ceased inappropriate conversations."  Plaintiff continued to advise Defendants that she did not feel safe or comfortable with Solivan.

21.     Upon information and belief, Solivan denied Plaintiff's allegations and turned the tables by making vague and unsubstantiated accusations against Plaintiff.  Solivan allegations were never corroborated nor could they be confirmed as they were baseless and false.   For example, Solivan claimed Plaintiff discussed her personal piercings yet Plaintiff does not have piercings.  Solivan further alleged Plaintiff admitted to exchanging inappropriate remarks with the previous Maintenance Technician, Eric Lugo ("Lugo").   Lugo is Plaintiff's brother-in-law.  Upon information and belief, Defendant never contacted Lugo as part of any "investigation."

22.     Wildenhaus and Holmes met with Plaintiff on or about October 16, 2020 and relayed Solivan's claims.  Defendants proposed an "alternative work arrangement" where Plaintiff would still be forced to work with Solivan but there would be no "interaction" between them. Defendants proposed that Holmes serve as a "mediator" to facilitate communication between Plaintiff and Solivan.

23.     Defendants' "alternative work arrangement" essentially allowed Solivan to continue working closely with Plaintiff in an isolated work site.  Defendants' solution was to direct that Plaintiff continue to work closely with a man who continually sexually harassed and exploited her and caused her to fear for her overall safety and welfare.  Plaintiff was visibly emotionally distraught after hearing this proposal.

24.     Plaintiff called Wildenhaus after this meeting and was sobbing. Plaintiff advised Wildenhaus that she felt she had no choice but to accept this "alternative work arrangement" to keep her job.

25.     Plaintiff was not able to use the bathroom at the work site for fear of contact with Solivan.  Plaintiff could not use the community center to store her lunch or take a break for fear of contact with Solivan.  Plaintiff was forced to constantly check the cameras to see where Solivan was so she could avoid direct contact.  Plaintiff asked her sister or others to escort her from the building because of her fear of Solivan.

26.     Plaintiff adhered to established internal reporting mechanisms through her complaints of sexual harassment to Holmes and Wildenhaus.

27.     Defendants retaliated against Plaintiff for complaining about sexual harassment as well as continually protesting Defendants' discriminatory practices.  In particular, from October of 2020 to early January of 2021, Defendants mandated that Plaintiff continue to work with Solivan who sexually exploited and degraded her on a continual basis. Defendants also began to target Plaintiff's sister (a resident of the apartment complex) accusing her of stealing from the office in an attempt to evict her.

28.     Plaintiff was injured in early January of 2021 and approved for short term disability.  On or about July 21, 2021, Plaintiff was constructively discharged.  Plaintiff was medically cleared to return to work but could continue to be employed by Defendants who condoned, created and encouraged an unsafe sexually hostile work environment.

29.     Plaintiff's work performance was always satisfactory or above.

**(Sexual Harassment/Sex Discrimination/Retaliation under Title VII)**

30.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 – 29 of this Complaint.

31.     By the acts, conduct, and practices described above, Defendants engaged in a continuous pattern of sex discrimination by subjecting Plaintiff to unwelcome sexual

harassment in violation of Title VII.

32.     At all relevant times, Defendants had actual and/or constructive notice of Solivan's actions and conduct towards Plaintiff, and Defendants  approved of, condoned, and/or ignored such actions and conduct.

33.     Defendants' sexual harassment of Plaintiff created an intimidating, oppressive, and intolerable work environment that interfered with Plaintiff's s well-being.

34.      Defendants' sexual harassment of Plaintiff was sufficiently severe and pervasive to affect the terms and/or conditions of her employment.

35.      Defendants failed to comply with its duty to take all reasonable and necessary steps to eliminate sexual harassment from the workplace and to prevent it from occurring in the future.

36.      As a direct and proximate result of the hostile and offensive work environment perpetrated and maintained by Defendants,  Defendants' willful, knowing, and intentional discrimination against her, and Defendants' failure to protect Plaintiff from further harassment, Plaintiff was and remain injured and damaged, and she suffered, and continues to suffer, extreme and severe mental and emotional pain, distress, anguish, and humiliation, loss of enjoyment of life, and loss of earnings.  Plaintiff is entitled to recover general and compensatory damages in this action.

37.     As a further and proximate result of Defendants' violations of Title VII, Plaintiff has been compelled to retain the services of legal counsel in an effort to enforce the terms and conditions of the employment relationship with Defendants and has thereby incurred and will continue to incur legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff.  Accordingly, Plaintiff requests an award of

attorney fees.

38.     Defendants' conduct as described in this Complaint was malicious
and oppressive and done with a conscious disregard of Plaintiff's rights.  The acts were
performed with a knowledge of an employer's economic power over its employees.
Defendants ratified the unlawful conduct of its employees in this action.  Consequently,
Plaintiff is entitled to exemplary (punitive) damages from Defendants.


**(Sexual Harassment/Sex Discrimination/Retaliation under NYSHRL.)**

39.     Plaintiff repeats and re-alleges each and every allegation contained in
paragraphs 1 - 38 of this Complaint as if fully set forth and restated here.

40.     By the acts, conduct, and practices described above, Defendants engaged in a
continuous pattern of sex discrimination by subjecting Plaintiff to unwelcome sexual
harassment in violation of NYSHRL.

41.     At all relevant times, Defendants had actual and/or constructive notice of
its employee(s)' actions and conduct towards Plaintiff, and Defendants approved of, condoned,
and/or ignored such actions and conduct.

42.     Defendants' sexual harassment of Plaintiff created an intimidating,
oppressive, and intolerable work environment that interfered with Plaintiff's well-being.

43.     Defendants' sexual harassment of Plaintiff was sufficiently severe and
pervasive to affect the terms and/or conditions of her employment with Defendants.

44.     Defendants failed to comply with its duty to take all reasonable and necessary
steps to eliminate sexual harassment from the workplace and to prevent it from occurring in
the future.

45.     As a direct and proximate result of the hostile and offensive work environment perpetrated and maintained by Defendants,  Defendants' willful, knowing, and intentional discrimination against her, and Defendants' failure to protect Plaintiff from further harassment, Plaintiff was and remains injured and damaged, and she suffered, and continues to suffer, extreme and severe mental and emotional pain, distress, anguish, and humiliation, loss of enjoyment of life, and loss of earnings.  Plaintiff is entitled to recover general and compensatory damages in this action.

46.     Defendants' conduct as described in this Complaint was malicious and oppressive and done with a conscious disregard of Plaintiff's rights.  The acts were performed with a knowledge of an employer's economic power over its employees. Defendants ratified the unlawful conduct of its employees in this action.  Consequently, Plaintiff is entitled to exemplary (punitive) damages from Defendants.

   **WHEREFORE,** Plaintiff, Sarah B. Harris, demands judgment against Defendants in an amount to be determined upon the trial of this action and for such other relief as the Court deems just and proper.

         Date:  December 11, 2022

                         **THE CIMINO LAW FIRM, PLLC**


                         **_/S/ MICHELLE Y. CIMINO_**

                         Michelle Y. Cimino, Esq.
                         *Attorney for Plaintiff, Sarah B. Harris*
                         855 Publishers Parkway
                         Rochester, New York 14580
                         (585) 347-6200
                         mcimino@cimino-law.com

# EXHIBIT A – RIGHT TO SUE NOTICE

EEOC Form 161-B (01/2022)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Mrs. Sarah B. Harris<br>122 Gale St.<br>Watertown, NY 13601 | From: | Buffalo Local Office<br>300 Pearl St, Suite 450<br>Buffalo, NY 14202 |
|---|---|---|---|

| EEOC Charge No.<br>**525-2021-00069** | EEOC Representative<br>**Jean Mulligan,**<br>**Federal Investigator** | Telephone No.<br>**716-431-5013** |
|---|---|---|

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

More than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.*

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

**Maureen C. Kielt**  Digitally signed by Maureen C. Kielt
Date: 2022.09.29 20:47:23 -04'00'

**Maureen Kielt**
**Director**

cc:  Lorisa LaRocca, Esq.
**Woods Oviatt Gilman LLP**
**460 White Spruce Blvd**
**Rochester, NY 14623**

Megan Wildenhaus
**ROCHESTER'S CORNERSTONE GROUP**
**460 White Spruce Blvd**
**Rochester, NY 14623**

Michelle Cimino, Esq.
**The Cimino Law Firm PLLC**
**855 Publisher's Parkway, Ste. 1**
**Webster, NY 14580**

Enclosure with EEOC
Form 161-B (01/2022)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS     --     Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice.** Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS     --     Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION     --     Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE     --     All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*